UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN GREENMAN, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:08-cv-825 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before this Court is a Report and Recommendation issued by the magistrate judge. (ECF No. 15.)

Plaintiff Carolyn Greenman ("Plaintiff") filed a complaint seeking review of a partially favorable decision of Defendant Commissioner of Social Security ("Commissioner"). The magistrate judge reviewed the record and issued a report recommending the Commissioner's decision be affirmed. Plaintiff Carolyn Greenman, through counsel, filed objections. (ECF No. 16.)

## STANDARD OF REVIEW

After being served with a Report and Recommendation ("R&R") issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"); *Howard*, 932 F.2d at 509.  The review, however, is limited "to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

## ANALYSIS

The argument portion of Plaintiff's objection is organized around four headings: (1) The Record, (2) Reserved for the Commissioner, (3) Due Process of Law and *Sims v. Apfel*, and (4) Pain Management.

### A.  The Record

Plaintiff argues the record lacks medical evidence, specifically the absence of diagnostic testing which confirms post-surgical scar tissue which entrapped nerves serving her lower left extremity.

To the extent what Plaintiff states under this heading might advance some objection, the objection is OVERRULED.  The objection fails to pinpoint that portion of the R&R to which Plaintiff objects.  In a footnote in this portion of Plaintiff's objection, Plaintiff acknowledges that "there has been no legal basis for moving the Court to supplement this record."  (Obj. 3 n.1.) Plaintiff has not argued that she was denied the ability to supplement the record at any point during the administrative process.  Plaintiff has offered only conjecture that the diagnostic testing was so well-established in her Worker's Compensation case as to explain "Dr. Russo's rather cryptic

opinion." (Obj. 3.)

### B.  Reserved for the Commissioner

Under this heading, Plaintiff argues the Administrative Law Judge ("ALJ") failed to properly evaluate various medical opinions because the proper medical analysis was not provided by Disability Determination Services ("DDS").  Plaintiff also argues that the various physicians did not interfere with the adjudicative perogative of the ALJ or the province of the Commissioner, rather, they offered a medical observation.

Plaintiff's objection is OVERRULED.  In section 3 of the discussion portion of the R&R (R&R 15-17), the magistrate judge addressed Plaintiff's argument that the physicians offered a medical opinion rather than a legal opinion about Plaintiff's disability.  In section 2B of the discussion portion of the R&R (*Id.* 13-15), the magistrate judge addressed Plaintiff's argument that the DDS reports were incomplete, resulting in reports that were biased and distorted.  Furthermore, section 1 of the R&R addresses Plaintiff's assertion that the ALJ's determinations were not supported by substantial evidence.  The Court finds these portions of the R&R well-reasoned and well-supported.

### C.  Due Process of Law and *Sims v. Apfel*[1]

Plaintiff argues she was denied due process because the ALJ relied on biased and distorted reports provided by DDS.  Plaintiff reasons the matter should be remanded for a fair review of the record.

Plaintiff's objection is OVERRULED.  Plaintiff has not been denied any process.  Plaintiff has been provided with a full and fair opportunity to be heard.  *See Yount v. Barnhart*, 416 F.3d

---

[1]*Sims v. Apfel*, 530 U.S. 103 (2000).

1233, 1235-36 (10th Cir. 2005).  Plaintiff was afforded a hearing where she was represented by counsel.  Plaintiff has not asserted that the manner in which the hearing was conducted violated her due process rights.  *Cf. Marozsan v. United States*, 90 F.3d 1284, (7th Cir. 1996) (per curiam) (holding, in a due process challenge to the constitutionality of proceedings conducted by the Department of Veterans Affairs, that the due process clause is not a guarantee against incorrect results and there was no evidence that the claim was denied on the basis of arbitrary policies or procedures).  Plaintiff's disagreement with the content of the DDS reports, addressed above, does not support a claim for violation of due process.

### D.  Pain Management

Plaintiff argues the medical evidence about her pain management must be viewed in the context of her entire medical history.

Plaintiff's objection is OVERRULED.  This objection fails to pinpoint the specific portion of the R&R to which Plaintiff objects.  This portion of Plaintiff's objection is identical to the last portion of Plaintiff's reply brief.  (Pl. Reply 6 ECF No. 14.)  Section 1 and section 5 of the R&R address the evidence the ALJ discussed and relied upon in forming his conclusions.  The Court finds those sections well-reasoned and well-supported.

## CONCLUSION

Having reviewed the portions of the R&R to which Plaintiff objected, and having found the

Commissioner's decisions supported by substantial evidence, the Report and Recommendation (ECF

No. 15) is **ADOPTED** as the opinion of this Court.  The Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

Date:    September 30, 2011                                        /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  Chief, United States District Judge